IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie M. Green, | ) C/A No. 0:14-4407-BHH-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Robert M. Stevenson, III, *Warden*, | ) |
| Respondent. | ) |

Petitioner Willie M. Green, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 24.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Green was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 25.) Green filed a response in opposition to the respondent's motion. (ECF No. 27.) Having carefully considered the parties' submissions and the record in this case, the court concludes the respondent's motion for summary judgment should be granted and Green's Petition be denied.

## BACKGROUND

Green was indicted in December 2007 in Richland County for incest, criminal sexual conduct in the third degree, and two counts of criminal sexual conduct with a minor in the second degree (2007-GS-40-4012, -4013, -4014, -4015). (App. at 154-61, ECF No. 23-2 at 74-81.) Green was represented by George R. McElveen, III, Esquire, and on July 31, 2008 he pled guilty as charged. The circuit court deferred sentencing until after an evaluation of Green's ability to comprehend

courtroom proceedings could be performed by the South Carolina Department of Mental Health, and until a pre-sentencing report could be completed by the South Carolina Department of Probation, Parole, and Pardon Services. (App. at 1-51, ECF No. 23-1 at 3-53.) On April 30, 2009, the circuit court sentenced Green to consecutive sentences of twenty years' imprisonment for each charge of criminal sexual conduct with a minor in the second degree, ten years' imprisonment for criminal sexual conduct in the third degree, and a concurrent sentence of ten years' imprisonment for incest, for a total aggregate sentence of fifty years' imprisonment. (App. at 79-80, ECF No. 23-1 at 81-82.) Green did not appeal his conviction or sentence.

Green filed a *pro se* application for post-conviction relief ("PCR") on April 30, 2010 in which he raised the following claims:

    (a)    Ineffective Assistance of Counsel[;]

    (b)    Involuntary Guilty Plea[;]

    (c)    Violation of Due Process[.]

(See Green v. State of South Carolina, 10-CP-40-2871; App. at 82-109, ECF No. 23-2 at 2-29.) Specifically as to these claims, Green appears to have raised the following:

    [I]    Ineffective Assistance of Trial/Plea Counsel

        1).    Told [G]reen and his family that Judge Childs would give him a light sentence if he pled guilty.

        2).    Would not serve more than 5 years if he pled guilty.

        3).    That it would be an open plea from 1-5 years.

        4).    That he would file a Direct Appeal once the motion to reconsider was ruled on. Under the rules you only have 10 days. McElveen said the motion would not stop the Direct Appeal.



> 5). That he would need $2,500.00 more dollars to get Mr. Green an Independent Private Evaluation, which Mr. Green never got.
>
> 6). That Judge Childs stated she might give him probation and time served. (Jail Time).
>
> 7). Told Mr. Green and his family a trial would be in his best interest because Judge Childs would give him a light sentence and jail time.
>
> 8). Told him to admit that he was a "Paraphilia", and would get the necessary treatment to overcome his disease, stating that would make Judge Childs give him a lighter sentence.
>
> II. Trial Counsel lied to induce applica[nt's] guilty plea
>
> III. McElveen lied about independent evaluation
>
> IV. Unknowing and involuntary plea
>
> V. Ineffective assistance due to failure to investigate before advising to plea[.]

(See Green v. State of South Carolina, 10-CP-40-2871; App. at 82-109, ECF No. 23-2 at 2-29.) The State filed a return. (App. at 110-14, ECF No. 23-2 at 30-34.) On May 23, 2012, the PCR court held an evidentiary hearing at which Green appeared, testified, and was represented by Brian Newman, Esquire. By order filed November 19, 2012, the PCR court denied and dismissed with prejudice Green's PCR application. (App. at 143-53, ECF No. 23-2 at 5-18.)

On appeal, Green was represented by Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, who filed a Johnson[1] petition for a writ of certiorari that presented the following issue:

> Trial counsel erred in advising petitioner of the possibility of receiving probation sentences in exchange for his guilty pleas because one of the offenses charged against him required a mandatory minimum one-year sentence as a penalty.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders to post-conviction appeals).



(ECF No. 23-4.) Green filed a *pro se* response to the <u>Johnson</u> petition in which he raised the following issues:

    I.    Petitioner received ineffective assistance of counsel in violation of the sixth, and fourteenth amendments of the United States Constitution, inasmuch as plea counsel failed to advise Petitioner and failed to object to prosecutor['s] failure to proffer on record.

    II.    Petitioner received ineffective assistance of counsel, inasmuch as, plea counsel failed to present at plea, independent psychiatrist to establish mitigating expert testimony to oppose [S]tate['s] aggravating and future danger[ous]ness evidence.

    III.    Petitioner received ineffective assistance of counsel, inasmuch as, plea counsel failed to consult with Petitioner before deciding not to file notice of intent to appeal guilty plea.

    IV.    The PCR court erred in it[]s ruling that Petitioner did not request or ask counsel to file notice of appeal, without first, determining whether plea counsel had actually consulted with Petitioner about appealing guilty plea.

(ECF No. 23-5.) On September 11, 2014, the South Carolina Supreme Court issued an order denying Green's petition for a writ of certiorari. (ECF No. 23-6.) The remittitur was issued September 29, 2014. (ECF No. 23-7.) This action followed.

## FEDERAL HABEAS ISSUES

Green's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Plea counsel violated my 6th and 14th Amend[ment] to Procedural Due Process by failing to build a professional relationship by deceiving me because I can not read or write.
**Supporting Facts:** Counsel knew I could not read or write, . . . and I was not aware of any DNA or their results. I never seen the results. Violated my 14th Amend[ment] to legal procedural due process. PCR counsel failed to request discovery or DNA to support the issue above, and failed to file Rule 59(e) SCRCP, to request information, to prevent procedural default.

**Ground Two:** Involuntary Plea Agreement to offenses that I don't know if they had evidence to convict.

Page 4 of 17



**Supporting Facts:** Plea counsel told me that I was going to get my 3 to 5 years probation for these offenses[.] PCR counsel failed to file a Rule 59(e) SCRCP to support issued violated my legal procedural due process violation of 14th Amend[ment] U.S.C.A.

**Ground Three:** Plea counsel violated my Procedural Due Process, by failing to challenge the D.N.A. results by a professional.
**Supporting Facts:** Plea counsel failed to hire a professional to challenge the DNA results to prevent me from pleading guilty. Violated by 6th and 14th Amend[ment] to the U.S.C.A. PCR counsel failed to hire an expert to challenge the DNA, violated my 14th Amend[ment] to legal Procedural Due Process.

**Ground Four:** PCR counsel violated my 14th Amend[ment] to procedural due process by failing to go by the strict PCR Application Rules and Procedures.
**Supporting Facts:** [H]e failed to subpoena any witnesses; failed to file a Rule 59(e) SCRCP, and refused to let my wife testify. PCR counsel refused to Amend and allow me to support any evidence.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.



See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in



its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no



reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them.



Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Default**

        **a.     Grounds One and Three**

In Grounds One and Three of the Petition, Green alleges plea counsel was ineffective for failing to explain the State's DNA evidence to him, and for failing to hire an expert to challenge the DNA evidence. Green also alleges plea counsel failed to build a professional relationship with him and deceived him because he could not read and write. The respondent asserts these claims are procedurally barred because they were either not raised in the PCR hearing or not ruled on in the PCR court's order of dismissal. The court agrees and finds Green's claims are procedurally defaulted because they would be barred by an independent and adequate state procedural rule if Green attempted to raise them now. See Coleman, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").



As to Green's ineffective assistance of counsel claims regarding the DNA evidence, these claims were not raised to or ruled on by the PCR court; therefore, the claims could not have been reviewed by South Carolina's appellate courts. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue must be raised to and ruled on by the PCR court to be preserved for appellate review). As to Green's claim that plea counsel failed to build a professional relationship and deceived him, though it was raised in his testimony at the PCR hearing, the claim was not addressed in the PCR court's order of dismissal, and PCR counsel did not file a post-trial motion to amend the order. Therefore, this claim was also not preserved for appellate review. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (stating issues are not preserved for appellate review where the PCR applicant fails to make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations). Accordingly, Grounds One and Three of Green's Petition are procedurally defaulted.

However, Green also alleges PCR counsel was ineffective for failing to raise these claims at the PCR hearing and in a Rule 59(e) motion to alter or amend the judgment. The court construes this allegation as an argument that the court should find cause to excuse Green's procedural default pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012). Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated:



> We . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Further, for the court to excuse the procedural default of Green's claims, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams, 529 U.S. at 391 (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, *i.e.* that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result).

The court finds Green has not established cause for his procedural default of Grounds One and Three of his petition because he cannot show the claims are "substantial" and, even assuming

Page 11 of 17



they are substantial, Green has not demonstrated prejudice. As to Green's claim that plea counsel was ineffective for failing to hire an expert to challenge the State's DNA evidence, Green cannot show this claim is substantial. The record reflects that Green did not contest his guilt before or during the plea proceedings. Part of the State's evidence against Green was DNA from Green's grandchildren showing he was their biological father. (App. at 6, ECF. No. 23-1 at 8.) At the PCR hearing, plea counsel testified Green never denied that he was guilty of the charges he faced. (App. at 134, ECF No. 23-1 at 54.) Plea counsel further testified that the case against Green was "extremely strong," and while he advised Green of his right to go to trial, Green agreed that trial was not a good option. (App. at 132, ECF No. 23-1 at 52.) Green cannot demonstrate that plea counsel's decision not to hire a DNA expert to challenge the State's evidence of incest where Green never denied committing incest was unreasonable. Therefore, Green cannot show that plea counsel was deficient in this regard. Further, Green cannot demonstrate prejudice from plea counsel's failure to hire a DNA expert or PCR counsel's failure to raise this issue at the PCR hearing because Green failed to provide evidence showing the State's DNA results were questionable or suspect. See Bruce v. Robinson, C/A No. 9:09-1383-PMD-BM, 2010 WL 4318871 (D.S.C. July 22, 2010) (stating a habeas petitioner's speculation, without evidence, that the outcome of his trial would have been different absent counsel's purported deficiencies, does not satisfy the prejudice prong of Strickland).

As to Green's claim that plea counsel deceived him because of Green's illiteracy and failed to explain the State's DNA evidence to him, Green cannot show this claim is substantial. The record reflects that (1) plea counsel testified he discussed all of the State's evidence with Green, including the DNA evidence, and noted that Green was "very familiar" with his case and understood the DNA evidence against him (App. at 131, 138, ECF No. 23-1 at 51, 58); (2) plea counsel claimed he was



aware Green was illiterate so he read every relevant document to Green (App. at 138, ECF No. 23-1 at 58); and plea counsel stated he never had any concerns about Green's ability to understand the process (App. at 131-32, ECF No. 23-1 at 51-52).  Moreover, Green does not specify how plea counsel's alleged deficiencies prejudiced his case, especially considering that Green pled guilty.  Consequently, Green cannot show how PCR counsel's failure to address these issues prejudiced Green in his PCR action.

Therefore, upon review of the record, including the transcripts of the plea, sentencing, and PCR proceedings, the court finds Green cannot demonstrate PCR counsel was objectively unreasonable in failing to raise or develop the claims raised in Grounds One and Three; and that, but for PCR counsel's errors, there is a reasonable probability Green would have received relief on these claims.  Because Green cannot demonstrate that his claims are substantial and that PCR counsel was ineffective under <u>Strickland</u> in failing to preserve them, he cannot establish cause under <u>Martinez</u> excusing the procedural default of Grounds One and Three.

      **b.**    **Ground Two**

In Ground Two of the Petition, Green alleges his plea was involuntary because he was ignorant of the strength of the State's evidence, and plea counsel told him he only faced three to five years' probation if he pled guilty.  The respondent asserts this claim is procedurally barred because it was not ruled on by the PCR judge, and PCR counsel failed to file a Rule 59(e) motion to alter or amend the judgment to raise this claim.  The court agrees and finds Green's claim is procedurally defaulted because it would be barred by an independent and adequate state procedural rule if Green attempted to raise it now.  See <u>Coleman</u>, 501 U.S. at 750; <u>Marlar</u>, 653 S.E.2d at 267.



However, Green claims PCR counsel was ineffective for failing to obtain a ruling on this issue in the PCR court by filing a Rule 59(e) motion. As discussed above, the court construes this allegation as an argument that the court should find cause to excuse Green's procedural default pursuant to Martinez.

Green cannot establish cause to excuse his procedural default on this issue because he has not shown that the underlying ineffective assistance of plea counsel claim is substantial, and Green cannot demonstrate prejudice from PCR counsel's failure to raise the claim to the PCR court. The record contains ample evidence that Green was aware of the State's evidence against him, as well as the potential sentencing consequences of a guilty plea. As stated earlier, plea counsel testified at the PCR hearing that he discussed all of the State's evidence with Green. (App. at 131, ECF No. 23-1 at 51.) Plea counsel believed Green was "very familiar" with his case, understood the evidence against him, and he never had any concerns about Green's ability to comprehend the charges. (App. at 131-32, 138, ECF No. 23-1 at 51-52, 58.) During Green's plea and sentencing hearings, the solicitor recited the evidence against Green, the plea judge explained the sentences he faced for each charge if he pled guilty, and Green indicated plea counsel explained the charges and evidence to him. (App. at 6, 20-23, 55, ECF No. 23-1 at 8, 22-25, 57.) The only evidence in the record indicating Green was ignorant of the State's evidence or the sentencing consequences of his guilty plea is Green's self-serving testimony at the PCR hearing, which the PCR judge found was incredible. (App. at 150, ECF No. 23-2 at 70); see Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010)). Therefore, Green cannot demonstrate that his underlying



ineffective assistance of plea counsel claim is substantial, and further, Green cannot demonstrate he was prejudiced by PCR counsel's failure to raise this claim to the PCR court in a Rule 59(e) motion. Accordingly, Green cannot show cause to excuse his procedural default of Ground Two of his Petition.

### 2. Ineffective Assistance of PCR Counsel

Ground Four of Green's Petition alleges PCR counsel was ineffective for failing to subpoena unspecified witnesses, refusing to allow his wife to testify, failing to file a Rule 59(e) motion, and refusing to allow Petitioner to amend his pleadings. The respondent argues these allegations do not state a ground upon which relief may be granted. The court agrees and finds the allegations in Ground Four of Green's Petition should be dismissed because a freestanding claim alleging ineffectiveness of counsel in a state collateral review proceeding is not a cognizable ground for relief in federal habeas proceedings. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Martinez, 132 S. Ct. at 1320 (stating that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause' " for an otherwise procedurally defaulted ineffective assistance of trial counsel claim). Green is not entitled to federal habeas relief on Ground Four.



## RECOMMENDATION

For the foregoing reasons, the court recommends the respondent's motion for summary judgment (ECF No. 24) be granted and Green's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).