UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie M. Green, #334538, | Civil Action No.: 0:14-4407-BHH |
| Petitioner, | |
| vs. | **Opinion and Order** |
| Robert M. Stevenson, III, Warden, | |
| Respondent. | |

Petitioner, Willie M. Green, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), DSC., the action was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling and a Report and Recommendation ("Report" or "R&R"). Magistrate Judge Gossett recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 29.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of trial counsel. On September 30, 2015, the Magistrate Judge issued a Report; and on October 19, 2015, Petitioner filed his Objections. (ECF No. 31.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action.

The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that Grounds One, Two, and Three were procedurally defaulted and the Court agrees. In her thorough seventeen-page Report, the Magistrate Judge found that Petitioner had failed to show cause for his procedural default because he could not show that the claims were substantial and had not

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

demonstrated prejudice. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–21 (2012); *Coleman v. Thompson,* 501 U.S. 722, 749–50 (1991); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with the Magistrate Judge's thoughtful and comprehensive discussion of these claims and, therefore, is unable to review Grounds One, Two, and Three under § 2254.

The Court further agrees with the Magistrate Judge's finding that Ground Four fails to state a cognizable § 2254 claim and should therefore be dismissed. Ground Four alleges ineffective assistance of PCR counsel. (ECF No. 1 at 11.) As the Magistrate Judge correctly stated, "a freestanding claim alleging ineffectiveness of counsel in a state collateral review proceeding is not a cognizable ground for relief in federal habeas proceedings." (R&R at 15 (citing 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Martinez*, 132 S. Ct. at 1320 (stating that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause'" for an otherwise procedurally defaulted ineffective assistance of trial counsel claim)).).

Petitioner's objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not extensively

discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 24) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice.*

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011).

In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks<br>United States District Judge

January 26, 2016
Greenville, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.